IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

TAL PRIHAR
MICHAEL PHAN
d/b/a DEEPDOTWEB,

Defendants.

Criminal No. 19-115

**[UNDER SEAL]**

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Jessica Lieber Smolar, Assistant United States Attorney for said District, and Department of Justice Trial Attorneys Alexander Gottfried, Joseph Wheatley and C. Alden Pelker, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendants for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|-------|--------------|---------------|--------------------|
| 1 | Conspiracy to Commit Money Laundering<br><br>October 2013 – present | 18 U.S.C. § 1956(h) | ALL DEFENDANTS |

## II. ELEMENTS OF THE OFFENSE

### A. As to Count 1:

In order for the crime of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That a conspiracy to launder money, as charged in the Indictment, was entered into by two or more people.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

2. That the defendant knew the purpose of the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

3. That the defendant deliberately joined the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

## III. PENALTIES

### A. As to Count 1: Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)):

1. A term of imprisonment of not more than twenty (20) years;

2. A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

3. If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

JESSICA LIEBER SMOLAR
Assistant U.S. Attorney
PA ID No. 65406

C. ALDEN PELKER
DEPARTMENT OF JUSTICE
TRIAL ATTORNEY

ALEXANDER GOTTFRIED
DEPARTMENT OF JUSTICE
TRIAL ATTORNEY

JOSEPH WHEATLEY
DEPARTMENT OF JUSTICE
TRIAL ATTORNEY