

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                    *412-644-3500*

March 15, 2021

Michael A. Comber, Esquire
Reisinger Comber & Miller, LLC
436 Seventh Avenue, Suite 300
Pittsburgh, PA 15219-1827

Re:    United States of America v.
       Tal Prihar
       Criminal No. 19-115

Dear Mr. Comber:

This letter sets forth the agreement by which your client, Tal Prihar, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Tal Prihar and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Tal Prihar will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, *et seq.* and 28 U.S.C. § 991, *et seq.* The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

A.    The defendant, Tal Prihar, agrees to the following:

    1.    He will enter a plea of guilty to Count One of the Indictment at Criminal No. 19-115, charging him with violating 18 U.S.C. § 1956(h), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

    2.    He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664, to the victims and/or other

LIMITED OFFICIAL
USE

persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct.

3.    Tal Prihar agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

4.    Upon request of the United States, the defendant agrees to provide all information regarding his income, assets and financial status, and that of his household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to him.

5.    He will immediately notify the Court and the United States Attorney of any improvement in his economic circumstances that might increase his ability to pay restitution and that occurs from the date of this agreement until the completion of his sentence, including any term of supervised release.

6.    He will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 982(a)(1) including but not limited to the following:

(a) Virtual Currency Accounts:

(1)    OKCoin (corporate account in the name of Wwwcom LTD);

(2)    Kraken (individual account in the name of Tal Prihar);

(3)    Binance account under the control of Tal Prihar;

(4)    All virtual currency including private keys, recovery seeds,

and/or passwords under the control of Tal Prihar;

    (b)    Bank accounts:

        (1)    TBC Bank in Georgia, account numbers GE69 TBXX XXXXXXXX X000 05; GE17 TBXX XXXX XXXXX000 26; GE96 TBXX XXXX XXXX X000 04; and GE94 TBXX XXXX XXXX X000 01(all in the name of Tal Prihar).

    (c)    Other:

        (1)    The DeepDotweb.com (DDW) Domain and the contents of the DDW server or site;

        (2)    One Asus model X510U laptop, SN: J8N0B600084932B with charger and USB cable; and

        (3)    One black in color Apple iPhone in black 'case mate' case with charger.

7.    He acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number, and that the property is properly forfeitable to the United States as property involved in said offense. He herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

8.    The United States of America and the defendant hereby agree that all of the computers, computer media and computer peripherals seized from the defendant, and currently in the custody and/or control of the government, were properly seized and were involved in or used in violation of Federal law by the defendant. The defendant agrees that such items, and the contents thereof, are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of that property by the United States. As such, the defendant hereby relinquishes all claim, title and interest he has in the above stated property to the United States of America and agrees not to oppose any civil, administrative or judicial forfeiture of the property. The defendant knowingly and voluntarily waives any right to timely notice provided for in 18 U.S.C. § 983.

9.    Tal Prihar agrees to the entry of a forfeiture money judgment in favor of the United States in the amount of $8,414,173 pursuant to 18 U.S.C. § 982(a)(1). Any funds seized as a result of the forfeiture of virtual currency accounts and bank accounts referenced in paragraph 6 will count toward the satisfaction of this money judgment.

10.    He agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the

defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein and pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

11.   At the time Tal Prihar enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

12.   Tal Prihar recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences, including denaturalization if the defendant is a naturalized citizen, are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

13.   If the Defendant abides by all of the conditions of this agreement and is eligible and applies to transfer his sentence pursuant to the International Prisoner Transfer Program, the United States Attorney's Office for the Western District of Pennsylvania agrees to not oppose the Defendant's transfer application. Defendant acknowledges and understands, however, that the transfer decision rests in the sole discretion of the Office of International Affairs ("OIA") of the Criminal Division of the United States Department of Justice and that the position of the United States Attorney's Office for the Western District of Pennsylvania is neither binding nor determinative of the positions of other federal agencies or on the final transfer decision of OIA. Defendant further understands that in addition to OIA, federal law and the underlying transfer treaties require that the foreign government must also approve the transfer.

14.     The Defendant agrees not to make a request under the International Prisoner Transfer Program until the conditions set forth in this agreement are met, or no sooner than one (1) year from the date of his guilty plea, whichever comes first.

15.     The defendant understands and acknowledges that the International Prisoner Transfer Program is designed to relieve some of the special hardships that fall upon offenders incarcerated in a foreign country, and to facilitate the rehabilitation of these offenders.  The defendant understands and acknowledges however, that this Office has no authority to grant or deny the defendant's request under the program.

16.     Tal Prihar waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

(a)     If the United States appeals from the sentence, Tal Prihar may take a direct appeal from the sentence.

(b)     If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Tal Prihar may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law.  The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B.     In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1.     The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Tal Prihar in the offense charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

2.     The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment.  However, if at any time prior

to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

3. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Tal Prihar and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Tal Prihar at Count One of the Indictment is:

   (a) A term of imprisonment of not more than 20 years;

   (b) A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater;

   (c) If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than 3 years (18 U.S.C. § 3583);

   (d) A special assessment under 18 U.S.C. § 3013 of $ 100.00; and,

   (e) Mandatory restitution under the Victim- Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664

2. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

3. Because the offense of conviction was part of a conspiracy of criminal activity, restitution is not limited to the offenses of conviction. The Court may order that restitution be paid to any victim, person, or party directly harmed by Tal Prihar's criminal conduct in the course of the conspiracy.

4. The parties stipulate that under U.S.S.G. § 2S1.1(a)(2), the base offense level is 8. The base offense level is increased by 18 levels under § 2B1.1(b)(1)(J) because the value of the laundered funds is more than $3,500,000. The offense level is increased by 6 levels under U.S.S.G. § 2S1.1(b)(1) because the defendant knew or believed that any of the laundered funds were the proceeds of an offense involving the manufacture, importation, or distribution of a controlled substance or a listed chemical. The offense level is further increased by 2 levels under § 2S1.1(b)(2)(B) because the defendant was convicted under 18 U.S.C.

Page 7

§ 1956. The offense level is further increased by 2 levels under § 2S1.1(b)(3) because the offense involved sophisticated laundering. Following a 3-level reduction for timely acceptance of responsibility under § 3E1.1, the parties stipulate that the final offense level is 33. This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge.

5.      The United States agrees to recommend a sentence at the low end of the guideline range as calculated and adopted by the Court.

6.      This agreement does not preclude the government from pursuing any civil or administrative remedies against Tal Prihar or his property.

7.      Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Tal Prihar and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

STEPHEN R. KAUFMAN
Acting United States Attorney

Page 8

I have received this letter from my attorney, Michael A. Comber, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
TAL PRIHAR

_____
3/29/21
Date

Witnessed by:

_____
MICHAEL A. COMBER, ESQUIRE
Counsel for Tal Prihar