IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-115 |
| | ) | Judge Donetta Ambrose |
| TAL PRIHAR | ) | |

**THE UNITED STATES' SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Jessica Lieber Smolar, Assistant United States Attorney for said District and Department of Justice Trial Attorneys, C. Alden Pelker and Alexander Gottfried, and hereby submits this Sentencing Memorandum concerning the sentencing of defendant Tal Prihar, currently scheduled for January 25, 2022.

**BACKGROUND**

*I.    The Offense Conduct*

Beginning in October 2013 and continuing until its seizure in April 2019, defendant Tal Prihar and co-defendant Michael Phan, both Israeli citizens, owned and operated DeepDotWeb (DDW). Prihar and Phan grew up together in Israel, but Prihar moved to Brazil and Phan resides in Israel. PSIR ¶ 7.

The DDW website included content pertaining to Darknet marketplaces, including how to remain anonymous online, virtual currency, and worldwide law enforcement actions associated with criminal activity on the darknet. DDW featured tutorials on how to buy drugs online through darknet marketplaces and offered comparisons and reviews of various marketplaces selling illegal narcotics. PSIR ¶ 8.

The DDW site also included hyperlinks to various Darknet marketplaces' web addresses.

1

Users who visited DDW were able to click on the hyperlinks to directly navigate to the Darknet marketplaces. Embedded in these links were unique account identifiers which enabled the individual marketplaces to pay "Referral Bonuses," also known as "Affiliate Bonuses," to DDW. Referral bonuses, paid in virtual currency, were a percentage of the profits from all the transactions on the marketplace by any user who accessed the site through DDW's customized referral link. Through the referral links, DDW received kickbacks from Darknet marketplaces for directing DDW users to the marketplaces. PSIR ¶ 9.

During the time period relevant to the indictment, DDW's referral links were widely used by individuals in the Western District of Pennsylvania and elsewhere to access many Darknet marketplaces. In fact, over the course of the conspiracy, the defendants referred hundreds of thousands of users to Darknet marketplaces. These users, in turn, completed hundreds of millions of dollars' worth of transactions, including purchases of illegal narcotics such as fentanyl, carfentanyl, cocaine, heroin, and crystal methamphetamine; firearms including assault rifles; malicious software and hacking tools; stolen financial information and payment cards and numbers; access device-making equipment; and other illegal contraband. Through the use of the referral links, the defendants reaped commissions worth millions of dollars, generated from the illicit sales conducted on Darknet market accounts created through the site. PSIR ¶ 10.

The defendants grew and promoted the DDW site, which functioned to drive further traffic to the DDW referral links, generating additional income for the defendants. Prihar operated as the administrator of DDW. He registered the domain, made infrastructure payments, and maintained control over site content. Phan was responsible for DDW's technical operations, designing and maintaining the website's day-to-day operation. Phan and Prihar communicated on a daily basis to facilitate their criminal enterprise. PSIR ¶ 11.

From on or before November 2014 until the site was seized in April 2019, the defendants controlled a bitcoin wallet that they used to receive the commission of sales completed on the various Darknet marketplaces. Throughout the course of the conspiracy, DDW operated accounts on Darknet markets and communicated with the operators of various Darknet markets regarding the kickback payments. PSIR ¶ 12.

DDW facilitated the operation of the Darknet economy. As described in the Indictment, two of the largest darknet marketplaces, Alphabay and Hansa, were seized by law enforcement in 2017. Over 23% of all illicit transactions on Alphabay Market and over 47% of all of the illegal transactions on Hansa Market were tied to users referred to the markets by DDW. DDW received a kickback on all of those users' illegal purchases. PSIR ¶ 13. DDW also posted referral links to the following additional Darknet marketplaces: Agora Market, Abraxas Market, Dream Market, Valhalla Market, TradeRoute Market, Dr D's, Wall Street Market, and Tochka Market. PSIR ¶ 13

Prihar's criminal conduct directly impacted citizens of the Western District of Pennsylvania. Between December 5, 2016 and July 4, 2017, at least approximately four dozen individuals in the Western District of Pennsylvania used a DDW referral link to create accounts on Alphabay Market. These users purchased thousands of illegal narcotics, including crack cocaine and crystal methamphetamine, oxycodone, and LSD, and fake custom passports, which they had shipped to the Western District of Pennsylvania. Further, undercover illegal narcotics purchases were made by FBI undercover employees using the referral links on DDW. Those illegal narcotics were then shipped to the Western District of Pennsylvania. PSIR ¶ 14.

Between November 2014 and April 10, 2019, DDW received approximately 8,155 bitcoin in kickback payments from darknet marketplaces, worth approximately $8,414,173.00 when adjusted for the trading value of bitcoin at the time of each transaction. The bitcoin was transferred

to DDW's bitcoin wallet in a series of more than 40,000 deposits and was subsequently withdrawn to various destinations. PSIR ¶ 15.

In seeking to protect their criminal enterprise and the illegal proceeds it generated, the defendants set up numerous shell companies around the world. The defendants used these companies to move and conceal their ill-gotten gains and conduct other activity related to DDW. They also subsequently moved funds into multiple bank accounts, including accounts at Baltikums Bank in Latvia and TBC Bank in Georgia. PSIR ¶ 16.

## ARGUMENT

## 18 U.S.C. § 3553(a)

The Presentence Report in this case accurately calculated the advisory guideline range of 135-168 months imprisonment with regard to defendant Prihar. This Court must impose a sentence that is reasonable in light of the factors listed in 18 U.S.C. § 3553(a). Section 3553(a) directs this Court to impose a sentence that is sufficient to account for each of the relevant § 3553(a) factors but that is no longer than necessary. An analysis of the § 3553(a) factors in this case follows:

A.   **Nature of the Offense**

The criminal conduct charged in this case is serious and sophisticated. The Indictment charged the two administrators of DDW, Prihar and Phan, with money laundering conspiracy. The DDW website also was simultaneously seized by law enforcement on both its .com and its Darknet domains. This case signifies a very important law enforcement disruption of the infrastructure that supports and promotes the illegal sale of deadly narcotic drugs, such as fentanyl and opioids, on the Darknet.

The Darknet is a collection of hidden websites "accessible only through anonymization software that obscures users' internet protocol addresses' by 'filter[ing] their traffic through' a

4

network of computers." *United States v. Harmon*, 474 F.Supp.3d 76, 82 (D.D.C. 2020) (citing *United States v. Le*, 902 F.3d 104, 107 (2d Cir. 2018)). Utilizing Darknet marketplaces allows "vend[o]rs, in conspiracy with the unknown marketplace administrators, to distribute controlled substances anonymously online and launder the proceeds through a series of complex bitcoin transaction[s] designed to conceal the nature, source, and control of the funds" *United States v. Decker*, 832 Fed.Appx. 639, 643 (11th Cir. 2020).

For approximately six years, DDW operated as a key gateway to the criminal underbelly of Darknet marketplaces, allowing for the purchase and exchange of illicit drugs and other illegal items around the world, all while Prihar and Phan, the website administrators, profited from the Darknet economy. A specific example is DDW's referral link to Alphabay, the largest criminal Darknet marketplace seized by law enforcement in 2017, offering a vast platform for users to purchase illegal drugs, fraudulent identification materials, counterfeit goods, hacking tools, malware, firearms, and toxic chemicals. PSIR ¶ 13.

Prihar operated as the administrator of DDW. He registered the domain, made infrastructure payments, and maintained control over site content. As the DDW site grew in popularity and the DDW referral links were utilized by individuals purchasing illegal drugs and goods, Prihar and his co-defendant made millions of dollars in cryptocurrency. In seeking to protect their criminal enterprise and the illegal proceeds it generated, the defendants set up numerous shell companies around the world to move and conceal their ill-gotten gains and conduct other activity related to DDW.

B. **History and Characteristics of the Defendant**

The history and characteristics of the defendant demonstrate an individual who, despite advanced technical skills and intelligence, elected to engage in criminal behavior on the Darknet

for six years. Defendant's criminal conduct involves laundering of $8,414,173.00 with knowledge that the laundered funds were proceeds of an offense involving the manufacture, importation, or distribution of a controlled substance or a listed chemicals. Defendant's laundering was sophisticated. Moreover, Defendant engaged in this criminal behavior despite his admitted technical skills. Defendant has no advanced education or formal training, but he considers himself to be a computer genius and a well-known computer expert who began learning about computers at age 3. PSIR ¶¶ 48, 50. Defendant opted to participate in criminal activity for his own profit rather than utilize his technical skills to conduct lawful work. Defendant's engagement in criminal activity spanning nearly six years shows consistent disregard and disrespect for the law.

### C. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence and Protect the Public

Congress requires that sentencing courts consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, adequate deterrence and protect the public. As mentioned above, the offense here is extremely serious and sophisticated; Defendant made millions of dollars over a six year period by providing a gateway to illegal Darknet marketplaces, allowing Darknet hundreds of thousands of users to buy fentanyl, hacking tools, stolen credit cards, and other contraband anonymously. Congress and the Sentencing Commission have determined that a just punishment under the circumstances of this case is a sentence within the advisory guideline range of 135 to 168 months imprisonment. In addition, although the defendant has never lived in the United States, the sentence imposed must inform others that engaging in a conspiracy to commit money laundering with a strong nexus to the Western District of Pennsylvania will not be tolerated, and criminals victimizing Americans will always be pursued. Those who use networks to commit crimes must be held accountable

regardless of where they live or how they attempt to hide their identities.

**RESTITUTION & FORFEITURE**

Pursuant to 18 U.S.C. § 3663A and USSG § 5E1.1, restitution is mandatory. However, no victims have been identified in this case.

The money laundering forfeiture statute, 18 U.S.C. § 982, allows forfeiture not only of proceeds but also of any property, real or personal, involved in the money laundering offense or any property traceable to such property. The forfeiture statute also provides for forfeiture of substitute assets. As set forth in the Indictment and plea agreement in this case, the Government seeks forfeiture of the virtual currency and bank accounts, the DeepDotweb.com (DDW) Domain and the contents of the DDW server or site, one Asus model X510U laptop, SN J8N0B600084932B with charger and USB cable, and one black Apple iPhone in black case mate with charger. The defendant also agreed to the entry of a forfeiture money judgment pursuant to 18 U.S.C. § 982(a)(1) in favor of the United States in the amount of $8,414,173, representing the amount of illegal kickback payments.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

/s/ *Jessica Lieber Smolar*
JESSICA LIEBER SMOLAR
Assistant U.S. Attorney
PA ID No. 65406

C. ALDEN PELKER
Department of Justice
Trial Attorney

ALEXANDER GOTTFRIED
Department of Justice
Trial Attorney