UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.          Criminal No 19-115

TAL PRIHAR

_____/

**FILED**
**AUG 18 2025**
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSION RELEASE

This is the reply to the Government's Opposition to Defendant's Motion for Compassion Release. The Government contentions that none of the offered grounds in the Motion are extraordinary and compelling reasons warranting compassion release.
Defendant disagrees and addresses each issue in turn below.

### 1) Defendant's Inability to Apply First Step Act Credits to Obtain Early Release is Not Warranted

The Government argues that any relevant fact was known at the time of sentencing and that Court was aware that by not imposing any term of supervised release Defendant would be deprived of the First Step Act benefits.
Defendant disagrees with this reasoning.

In the United States v. Perez Sanchez, 2024 U.S. Dist. LEXIS 43529, 2024 WL 1069884 (E.D.N.Y. Mar 12, 2024), the defendant, like Tal Prihar in instant case, was sentenced after the enactment of the First Step Act without term of supervised release. The Court granted Mr. Perez Sanchez's motion and added one-day term of supervised release to his sentence. In that case the Court countered Government's argument that although Federal Sentencing Guidelines Section 5D1.1(c) provide that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by the statue and the defendant is a deportable alien who likely will be deported after imprisonment", however, this provision does not categorically bar district courts from imposing supervised release when it is appropriate given "the facts and circumstances of a particular case." United States v. Alvarado, 720 F.3d 153, 155 (2d Cir. 2013) (quoting United States v. Valdavinos-Torres, 704 F.3d 679, 693 (9th Cir. 2012)).

Although Tal Prihar is likely to be deported after imprisonment, he is not subject to a final order of removal, and if not for the lack of supervision, he would be serving less time. The Court in Mr. Perez Sanchez's case stated that "mere fact that an individual may later be deported lessens any injustice in effectively requiring him to serve a longer sentence that an otherwise similarly situated individual who faces no such risk."

Despite being sentenced after the enactment of the First Step Act law, the Court agreed with the reasoning of the District of New Hampshire in United States v. Oprea, 2023 U.S. Dist. LEXIS 188648, 2023 WL 6958690 and found such circumstances to be "extraordinary and compelling reasons" that warrant the modification of sentence.

To deny Tal Prihar the relief he now seeks (either reduction of sentence or imposition of one-day supervised release) would prevent the goals of the First Step Act from being "fully realized". Absent such relief, one would expect that inmates without a term of supervised release will be less likely to participate in programming, to the detriment of society as a whole.

As such, the Motion for Compassion Release should be granted.

### 2) Defendant Has Failed to Establish Any Serious Medical Concerns

The main point of the Government's argument is that Defendant showed "only mild decrease in pulmonary diffusing capacity." What Government fails to take into consideration is that both last and previous results of Spirometry, Lung Volumes and Diffusion is well below the reference points. The continued deterioration of respiratory condition that is already well below normal is a sign of the seriousness of the condition.

It would be logical to expect that if the treatment is adequate, then defendant condition would not be deteriorating. See United States v. Verasawmi, 2022 U.S. Dist. LEXIS 125856, 2022 WL 2763518, at *8 ("A motion for compassionate release premised on the BOP's 'indifference' to an inmate's medical conditions or failure to provide adequate care bears similarities to claims under the Eight Amendment for 'deliberate indifference' to prisoner's serious medical needs."); United States v. Burr, 2022 U.S. Dist. LEXIS 216379, 2022 WL 17357233, at *8 (analyzing BOP's mismanagement of the defendant's medical treatment as "deliberate indifference," warranting compassionate release); see also United States v. D'Angelo, No. 13-00114, 2022 U.S. Dist. LEXIS 188663, 2022 WL 10066359, at *5 (D.Me. Oct. 17, 2022) (clarifying that "courts considering challenges to BOP medical treatment in the compassionate release context have limited their inquiry to whether the treatment is inadequate or the BOP is indifferent to the defendant's serious medical issues").

Here, the record strongly supports Defendant's contention that BOP has grossly mismanaged his serious health issues. Despite the record showing that decrease in pulmonary diffusing capacity indicates loss of functioning alveolar-capillary membrane units there was no additional tests or studies performed ("Post-Bronchodilator studies not done or insufficient data" - Exhibit 4, page 3 or the Motion). The next medical appointment scheduled for Defendant is 01/28/2026 (blood test) and 03/28/2026 (chronic visit), however no appointment scheduled for Spirometry, Lung Volumes and Diffusion (last test done on 8/19/2024 - almost a year ago).

In United States v. Burr, 2022 U.S. Dist. LEXIS 216371, 2022 WL 17357233 (M.D.N.C. Dec. 1, 2022), the Court observed that inmates with severe medical issues are "at the BOP's mercy," and "cannot independently schedule needed medical tests or care". BOP failed to schedule a follow-up appointments with lung specialist, simply choosing easier solution of prescribing inhalers. Deliberate indifference can be established by showing that prison officials "opt[ed] for 'an easier and less efficacious treatment of the inmate's condition," Palakovic v. Wetzel, 854 F.3d at 228 (3rd Cir 2017).

The Government's argument that Defendant condition is stable and asthma and cough do not qualify as extraordinary and compelling reason warranting early release is unpersuasive, because it does not change the fact that passage of time has rendered pulmonary condition in a seriously degraded state, as prescribed medication is insufficient to prevent deterioration.

BOP did not provide any concrete treatment plans to stop Defendant's deteriorating condition. As such, Motion for Compassion Release should be granted.

### 3) The 3553(a) Factors, Rehabilitation, and Defendant's Other Arguments

Government argues that 3553(a) factors does not warrant reduction and the list of completed educational courses are unremarkable. However, Government does not refute that Tal Prihar completed more than 80% of his sentence, and that compassion release for defendant who have served the significant majority, at least two-third, of their sentence may not undermine sentencing goals (see United States v. Resto, 2021 WL 1109467, at *3 (S.D.N.Y. Mar. 23, 2021)). Nor does it refute, that his BOP's LOW recidivism risk score shows that he is unlikely to commit crimes in the future. Defendant wants to reiterate that his offence is not a violent one and he has no violent criminal history. And, while he was not a model inmate and indeed commit multiple infractions while serving his term of imprisonment (including recent one for having unauthorized MP3 music player), non of the infractions were violent offences.

Further, Government questions unsupported assertion that Defendant is an important member of a religious community in prison. But that assertion was made under the penalty of perjury, pursuant to 28 U.S.C. Section 1746, and government did not provide any evidence to counter validity of that assertion.

Nor did it refute that it is in the best interest of the United States to remove the Defendant prior to completion of his full term of incarceration, and that such removal would allow the Government to save significant amount of Government funds.

Lastly, Government argues against the additional arguments for release. First, it that "[t]he severity of his sentence was beyond what was originally anticipated" is unavailable, because such argument was made during the sentencing. However, Government did not refute that currently Israel is involved in multiple military campaigns and that Defendant's family is directly affected. Tal Prihar experiences tremendous amount of mental and psychological pressure, that was not anticipated at sentencing. Secondly, Government argues that Defendant was sentenced below the Guideline range and that he would not be eligible for U.S.S.G. Section 4C1.1 sentence reduction, even if he met the criteria. What the Government fails to consider, is that during sentencing the Court still relied on the guideline range as a starting point to impose below range term of imprisonment. If that range would be lower, there is a probability that the Court would have imposed even lower sentence.

## CONCLUSION

Accordingly, Tal Prihar ask the Court to grant the Motion for Compassion Release and reduce his sentence, or alternatively impose one-day supervised release (that would ultimately allow him to benefit from the First Step Act to lower his sentence for participating in programming).

Submitted on August 12, 2025

TAL PRIHAR
Reg No 12911-509
LSCI Allenwood
P.O. BOX 1000
White Deer, PA 17887-1000

## CERTIFICATE OF SERVICE

I HEREBY DECLARE, UPON THE PENALTY OF PERJURY, PURSUANT TO 28 U.S.C. SECTION 1746, that on August 12, 2025, I placed the foregoing Reply in the United States Federal Bureau of Prisons' LSCI Allenwood internal legal mail system for inmates, to be sent to United States Courthouse for the Western District of Pennsylvania, in order for said Reply to be filed and served to any and all required parties.

_____
TAL PRIHAR
Reg No 12911-509
LSCI Allenwood
P.O. BOX 1000
White Deer, PA 17887-1000